UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MARSHA PULLEN,

        Plaintiff,                          Hon. Ellen S. Carmody

v.                                        Case No. 1:14-CV-457

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

## OPINION

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. On September 8, 2014, the parties agreed to proceed in this Court for all further proceedings, including an order of final judgment. (Dkt. #11).

Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence it shall be conclusive. The Commissioner has found that Plaintiff is not disabled within the meaning of the Act. For the reasons articulated herein, the Commissioner's decision is **vacated and this matter remanded for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g)**.

**STANDARD OF REVIEW**

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984).

As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This

standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision.  *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## **PROCEDURAL POSTURE**

Plaintiff was 49 years of age on her alleged disability onset date.  (Tr. 351).  She successfully completed high school and previously worked as an office manager, paralegal, and utilization review coordinator.  (Tr. 21, 72).  Plaintiff applied for benefits on June 29, 2006, alleging that she had been disabled since January 1, 2001, due to back impairments, osteoarthritis, and pain/numbness in her hands.  (Tr. 351-56, 385).  Following an administrative hearing, an ALJ determined that Plaintiff was entitled to a closed period of disability beginning on January 11, 2001, and ending on September 1, 2002.  (Tr. 138-72, 179-90).  The Appeals Council remanded the matter for consideration of certain issues.  (Tr. 192-95).  Following an administrative hearing, an ALJ found that Plaintiff was entitled to a closed period of disability beginning on January 11, 2001, and ending on August 31, 2002.  (Tr. 89-137, 200-12).  The Appeals Council again remanded the matter for consideration of certain issues.  (Tr. 221-23).

On August 9, 2013, Plaintiff appeared before ALJ Paul Jones with testimony being offered by Plaintiff and a vocational expert.  (Tr. 40-88).  In a written decision dated August 23, 2013, the ALJ found that Plaintiff was entitled to a closed period of disability beginning on January 11, 2001, and ending on August 31, 2002.  (Tr. 15-28).  The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter.  (Tr. 1-5).

Plaintiff subsequently initiated this pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

Plaintiff's insured status expired on December 31, 2007. (Tr. 17). To be eligible for Disability Insurance Benefits under Title II of the Social Security Act, Plaintiff must establish that she became disabled prior to the expiration of her insured status. *See* 42 U.S.C. § 423; *Moon v. Sullivan*, 923 F.2d 1175, 1182 (6th Cir. 1990).

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining her residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

---

[1] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. 404.1520(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. 404.1520(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. 404.1520(d));

4. If an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. 404.1520(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. 404.1520(f)).

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and she can satisfy her burden by demonstrating that her impairments are so severe that she is unable to perform her previous work, and cannot, considering her age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which her residual functioning capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

The ALJ determined that from January 11, 2001, through August 31, 2002, Plaintiff suffered from the following severe impairments: (1) degenerative disc disease; (2) status post L4-5 laminectomy; and (3) bilateral brachial plexopathy. (Tr. 17). The ALJ further found that during this time period Plaintiff "did not have the residual capacity to work a regular 40-hour schedule in the competitive job arena." (Tr. 19). Accordingly, the ALJ found that Plaintiff was entitled to disability benefits during this limited period of time. (Tr. 19-22).

The ALJ further determined that as of September 1, 2002, Plaintiff experienced a medical improvement in her condition which resulted in an increase in her residual functional capacity. (Tr. 22). Specifically, the ALJ found that as of September 1, 2002, Plaintiff suffered from: (1) degenerative disc disease; (2) status post L4-5 laminectomy; and (3) bilateral brachial plexopathy, severe impairments that whether considered alone or in combination with other impairments, failed

5

to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1.  (Tr. 22).

With respect to Plaintiff's residual functional capacity, the ALJ found that beginning September 1, 2002, Plaintiff retained the ability to perform light work subject to the following limitations: (1) she can only occasionally push/pull with her arms; (2) she can only occasionally stoop, kneel, crouch, crawl, or climb ramps/stairs; (3) she can never climb ladders, ropes, or scaffolds; (4) she can frequently balance; (5) she can never reach overhead with either arm; (6) she can frequently perform bilateral handling and fingering activities; (7) she must avoid even moderate exposure to vibration; and (8) she must avoid all exposure to hazards, such as the operational control of moving machinery or unprotected heights.  (Tr. 22).

A vocational expert testified that if limited to the extent of her RFC as of September 1, 2002, Plaintiff would be able to perform her past relevant work.  (Tr. 72-83).  Accordingly, the ALJ concluded that Plaintiff was entitled to disability benefits from January 11, 2001, through August 31, 2002, but not thereafter.

I.       **Medical Improvement**

The ALJ's determination that Plaintiff's disability ended on August 31, 2002, was premised in part on the determination that Plaintiff experienced a medical improvement in her condition which resulted in an increase in her residual functional capacity.  *See* 42 U.S.C. § 423(f)(1)(A)-(B); *Niemasz v. Barnhart*, 155 Fed. Appx. 836, 840 (6th Cir., Nov. 18, 2005) ("[o]nce an ALJ finds a claimant disabled, he must find a medical improvement in the claimant's condition

to end his benefits, a finding that requires 'substantial evidence' of a 'medical improvement' and proof that he is 'now able to engage in substantial gainful activity'") (quoting 42 U.S.C. § 423(f)(1)).

Plaintiff argues that the ALJ's finding that she experienced medical improvement is not supported by substantial evidence. The Court disagrees. The record reveals that Plaintiff was experiencing a significant spinal impairment for which she underwent surgery on March 21, 2002. (Tr. 439-77). The evidence subsequent to Plaintiff's surgery, including treatment notes authored by Plaintiff's surgeon, indicate that Plaintiff's surgery was successful and resulted in a significant decrease in her pain and increase in her functional capacity. (Tr. 483-94). While Plaintiff may argue that her surgery was less successful than the ALJ concluded, the ALJ's determination that Plaintiff did experience a medical improvement which increased her ability to function is supported by substantial evidence. This argument is, therefore, rejected.

**II.       Plaintiff's Credibility**

At the administrative hearing, Plaintiff testified that she is limited to a greater degree than the ALJ recognized. The ALJ characterized Plaintiff's testimony as follows:

> At the hearing, claimant testified that she last worked in 2001. Claimant's representative stated claimant's low back pain has resolved, however, she continued to have limitations from brachial plexopathy. She had actually received a settlement from a medical malpractice lawsuit as she developed brachial plexopathy during the back surgery. She continued to have problems with hand neuropathy and she has undergone numerous physical therapies and treatment for the plexopathy. She has numbness of the fingers and she uses ice, heat, pain medications, and a TENS unit. The pain medications make her foggy. Since her surgery in 2002, she continues to have pain and is on pain medications. She can only focus about five to ten minutes. Writing makes her hands cramp. Upper extremity pain also awakens her at night.

(Tr. 25).

While the ALJ did not challenge Plaintiff's assertion that she experienced this symptomatology, the ALJ found that such did not limit Plaintiff to the extent alleged. (Tr. 25-26). Plaintiff argues that she is entitled to relief because the ALJ's rationale for discounting her testimony is not supported by substantial evidence.

As the Sixth Circuit has long recognized, "pain alone, if the result of a medical impairment, *may* be severe enough to constitute disability." *King v. Heckler*, 742 F.2d 968, 974 (6th Cir. 1984) (emphasis added); *see also*, *Grecol v. Halter*, 46 Fed. Appx. 773, 775 (6th Cir., Aug. 29, 2002) (same). As the relevant Social Security regulations make clear, however, a claimant's "statements about [his] pain or other symptoms will not alone establish that [he is] disabled." 20 C.F.R. § 404.1529(a); *see also*, *Walters v. Commissioner of Social Security*, 127 F.3d 525, 531 (6th Cir. 1997) (quoting 20 C.F.R. § 404.1529(a)) *Hash v. Commissioner of Social Security*, 309 Fed. Appx. 981, 989 (6th Cir., Feb. 10, 2009). Instead, as the Sixth Circuit has established, a claimant's assertions of disabling pain and limitation are evaluated pursuant to the following standard:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

*Walters*, 127 F.3d at 531 (citations omitted). This standard is often referred to as the *Duncan* standard. *See Workman v. Commissioner of Social Security*, 105 Fed. Appx. 794, 801 (6th Cir., July 29, 2004).

Accordingly, as the Sixth Circuit has repeatedly held, "subjective complaints may support a finding of disability only where objective medical evidence confirms the severity of the alleged symptoms." *Id.* (citing *Blankenship v. Bowen*, 874 F.2d 1116, 1123 (6th Cir. 1989)). However, where the objective medical evidence fails to confirm the severity of a claimant's subjective allegations, the ALJ "has the power and discretion to weigh all of the evidence and to resolve the significant conflicts in the administrative record." *Workman*, 105 Fed. Appx. at 801 (citing *Walters*, 127 F.3d at 531).

In this respect, it is recognized that the ALJ's credibility assessment "must be accorded great weight and deference." *Workman*, 105 Fed. Appx. at 801 (citing *Walters*, 127 F.3d at 531); *see also*, *Heston v. Commissioner of Social Security*, 245 F.3d 528, 536 (6th Cir. 2001) ("[i]t is for the [Commissioner] and his examiner, as the fact-finders, to pass upon the credibility of the witnesses and weigh and evaluate their testimony"). It is not for this Court to reevaluate such evidence anew, and so long as the ALJ's determination is supported by substantial evidence, it must stand. The ALJ found Plaintiff's subjective allegations to not be fully credible, a finding that should not be lightly disregarded. *See Varley v. Sec'y of Health and Human Services*, 820 F.2d 777, 780 (6th Cir. 1987). In fact, as the Sixth Circuit recently stated, "[w]e have held that an administrative law judge's credibility findings are virtually unchallengeable." *Ritchie v. Commissioner of Social Security*, 540 Fed. Appx. 508, 511 (6th Cir., Oct. 4, 2013) (citation omitted).

The ALJ discussed the medical evidence in this case at length and discredited Plaintiff's allegations because such were inconsistent with the medical record. While there is no dispute that Plaintiff experiences significant limitations as a result of her impairments, the ALJ's determination that Plaintiff is less limited than she alleges is supported by substantial evidence. The

9

record reveals that Plaintiff's back surgery was successful and significantly reduced her pain. (Tr. 483-94, 517, 558, 562). While Plaintiff undoubtedly experiences difficulty using her upper extremities, the evidence does not support Plaintiff's subjective allegations. Multiple nerve conduction studies revealed no evidence that Plaintiff was experiencing cervical radiculopathy or neuropathic pain. (Tr. 728-29, 731-32). Examination likewise revealed no evidence that Plaintiff was experiencing reflex sympathetic dystrophy. (Tr. 658-61). While Plaintiff's condition may have deteriorated subsequent to the expiration of her insured status, the ALJ's assessment of Plaintiff's credibility relative to the time period prior to the expiration of her insured status is supported by substantial evidence. Accordingly, this argument is rejected.

**III.        The Treating Physician Doctrine**

Plaintiff alleges that she is entitled to relief because the ALJ failed to properly assess the opinions expressed by several of her treating physicians. The Court only partly agrees.

The treating physician doctrine recognizes that medical professionals who have a long history of caring for a claimant and her maladies generally possess significant insight into her medical condition. *See Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). An ALJ must, therefore, give controlling weight to the opinion of a treating source if: (1) the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and (2) the opinion "is not inconsistent with the other substantial evidence in the case record." *Gayheart v. Commissioner of Social Security*, 710 F.3d 365, 375-76 (6th Cir. 2013) (quoting 20 C.F.R. § 404.1527).

Such deference is appropriate, however, only where the particular opinion "is based upon sufficient medical data." *Miller v. Sec'y of Health and Human Services*, 1991 WL 229979 at *2 (6th Cir., Nov. 7, 1991) (citing *Shavers v. Sec'y of Health and Human Services*, 839 F.2d 232, 235 n.1 (6th Cir. 1987)). The ALJ may reject the opinion of a treating physician where such is unsupported by the medical record, merely states a conclusion, or is contradicted by substantial medical evidence. *See Cohen*, 964 F.2d at 528; *Miller v. Sec'y of Health and Human Services*, 1991 WL 229979 at *2 (6th Cir., Nov. 7, 1991) (citing *Shavers v. Sec'y of Health and Human Services*, 839 F.2d 232, 235 n.1 (6th Cir. 1987)); *Cutlip v. Sec'y of Health and Human Services*, 25 F.3d 284, 286-87 (6th Cir. 1994).

If an ALJ accords less than controlling weight to a treating source's opinion, the ALJ must "give good reasons" for doing so. *Gayheart*, 710 F.3d at 376. Such reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." This requirement "ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule." *Id.* (quoting *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 544 (6th Cir. 2004)). Simply stating that the physician's opinions "are not well-supported by any objective findings and are inconsistent with other credible evidence" is, without more, too "ambiguous" to permit meaningful review of the ALJ's assessment. *Gayheart*, 710 F.3d at 376-77.

A. Dr. Anthony Chiodo

Plaintiff faults the ALJ for allegedly ignoring the opinions expressed by Dr. Chiodo regarding Plaintiff's condition. Plaintiff has not identified any opinion that Dr. Chiodo expressed regarding Plaintiff's ability to function, but instead merely cites to several treatment notes authored by Dr. Chiodo. (Tr. 495, 559-61, 563). While these treatment notes reflect the doctor's conclusion that Plaintiff suffers from severe impairments, the doctor did not articulate any specific limitations or restrictions on Plaintiff's ability to function. Accordingly, these treatment notes do not constitute medical opinions to which the ALJ must defer. *See* 20 C.F.R. §§ 404.1527(a)(2); *Winter v. Commissioner of Social Security*, 2013 WL 4604782 at *9 (E.D. Mich., Aug. 29, 2013) (where doctor "offered no opinion on his patient's ability to function. . .there was no treating-source opinion for the ALJ to defer"). This argument is, therefore, rejected.

B. Dr. Larry Nishon

On February 4, 2008, Dr. Nishon completed a fill-in-the-blank report regarding Plaintiff's physical limitations. (Tr. 718-20). The ALJ did not address this report in his decision which Plaintiff argues entitles her to relief. The form Dr. Nishon completed expressly requested that he identify the date on which Plaintiff began to experience the limitations articulated therein. The doctor, however, failed to respond to this question. Given the doctor's refusal to identify the date on which the limitations he identified took effect, it was not unreasonable for the ALJ to conclude that the limitations in question began as of the date the report was completed. As the report in question was completed well after the expiration of Plaintiff's insured status, it was not relevant to

the consideration of whether Plaintiff was disabled prior to the expiration of her insured status. Accordingly, this argument is rejected.

### C. Dr. Fred Isaacs

On September 13, 2011, Dr. Isaacs, one of Plaintiff's treating physicians, completed a report regarding Plaintiff's physical limitations. (Tr. 837-39). Dr. Isaacs concluded that Plaintiff was far more limited than the ALJ recognized. The ALJ accorded "little weight" to Dr. Isaacs' opinions. (Tr. 25). In support of his decision to afford limited weight to Dr. Isaacs' opinions, the ALJ stated, "I give little weight to this assessment as it was prepared 9 years after the relevant period of disability and is inconsistent with contemporaneous medical evidence records during the relevant period of disability." (Tr. 25). This statement is insufficient to support the ALJ's credibility determination.

First, Dr. Isaacs' opinion was not prepared 9 years after the relevant time period. Plaintiff's insured status expired on December 31, 2007, and the opinion in question was offered in 2011. More importantly, the suggestion by the ALJ that Dr. Isaacs' opinion does not concern the period prior to the expiration of Plaintiff's insured status is belied by the evidence. Dr. Isaacs began treating Plaintiff in 2001. Also, Dr. Isaacs expressly states in his report that the limitations he articulated were in effect beginning April 22, 2002, long before the expiration of Plaintiff's insured status. Finally, the statement by the ALJ that the doctor's opinion "is inconsistent with contemporaneous medical evidence records during the relevant period of disability" is far too vague to permit any meaningful review. In sum, the Court finds that the ALJ's rationale for discounting Dr. Isaacs' opinion is not supported by substantial evidence.

**IV.       Remand is Appropriate**

While the Court finds that the ALJ's decision fails to comply with the relevant legal standards, Plaintiff can be awarded benefits only if "all essential factual issues have been resolved" and "the record adequately establishes [her] entitlement to benefits." *Faucher v. Secretary of Health and Human Serv's*, 17 F.3d 171, 176 (6th Cir. 1994); *see also*, *Brooks v. Commissioner of Social Security*, 531 Fed. Appx. 636, 644 (6th Cir., Aug. 6, 2013). This latter requirement is satisfied "where the proof of disability is overwhelming or where proof of disability is strong and evidence to the contrary is lacking." *Faucher*, 17 F.3d at 176; *see also*, *Brooks*, 531 Fed. Appx. at 644.

The record fails to establish that Plaintiff is entitled to an award of benefits as there does not exist overwhelming evidence that she is disabled. Moreover, resolution of Plaintiff's claim requires the resolution of factual disputes which this Court is neither authorized nor competent to undertake in the first instance. Therefore, the Commissioner's decision is vacated and this matter remanded for further factual findings.

## **CONCLUSION**

For the reasons articulated herein, the Court concludes that the ALJ's decision is not supported by substantial evidence. Accordingly, the Commissioner's decision is **vacated and the matter remanded for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g)**. A judgment consistent with this opinion will enter.


Date:  November 5, 2015                                          /s/ Ellen S. Carmody
                                                                 ELLEN S. CARMODY
                                                                 United States Magistrate Judge